UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ISAIAH M.                                    :
                                             :
v.                                           :        C.A. No. 23-00150-MSM
                                             :
KILOLO KIJAKAZI, Commissioner                :
Social Security Administration               :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

        This matter is before the Court for judicial review of a final decision of the
Commissioner of the Social Security Administration ("Commissioner") denying Social
Security Insurance benefits ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. §
405(g).  Plaintiff filed his Complaint on April 10, 2023 seeking to reverse the Decision of the
Commissioner.  On July 10, 2023, Plaintiff filed a Motion to Reverse or Remand the Decision
of the Commissioner.  (ECF No. 9).  On August 8, 2023, Defendant filed a Motion to Affirm
the Commissioner's Decision.  (ECF No. 11).  On August 24, 2023, Plaintiff filed a Reply.
(ECF No. 13).

        This matter has been referred to me for preliminary review, findings, and recommended
disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the
parties' submissions, and independent research, I find that there is substantial evidence in this
record to support the Commissioner's decision and findings that Plaintiff is not disabled within
the meaning of the Act.  Consequently, I recommend that Plaintiff's Motion to Reverse or
Remand (ECF No. 9) be DENIED and that the Commissioner's Motion to Affirm (ECF No.
11) be GRANTED.

## I.    PROCEDURAL HISTORY

Plaintiff received SSI benefits as a child.  When Plaintiff turned eighteen years of age, his eligibility for benefits was redetermined as required by applicable law.  After such review, Plaintiff was found not disabled as of February 9, 2021 which is when the relevant period begins.  Plaintiff then requested an Administrative Hearing.  On March 1, 2022, a hearing was held before Administrative Law Judge Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 42-63).  The ALJ issued an unfavorable decision to Plaintiff on March 15, 2022.  (Tr. 17-34).  The Appeals Council denied Plaintiff's request for review on December 20, 2022.  (Tr. 5-7).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in discounting the opinion of Dr. Parsons, a consulting psychologist, and failed to adequately develop the record regarding both the VE's opinion and Plaintiff's borderline intellectual functioning.

The Commissioner counters that substantial evidence supports the ALJ's finding that Dr. Parsons' opinion was unpersuasive, that Plaintiff waived any challenge to the VE's testimony by failing to pursue it before the ALJ, and that there was no basis on this record to find that the ALJ abused his discretion in not ordering a second consultative examination regarding Plaintiff's intellectual functioning.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such

relevant evidence as a reasonable person would accept as adequate to support the conclusion. <u>Ortiz v. Sec'y of HHS</u>, 955 F.2d 765, 769 (1st Cir. 1991) (<u>per curiam</u>); <u>Rodriguez v. Sec'y of HHS</u>, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. <u>Rodriguez Pagan v. Sec'y of HHS</u>, 819 F.2d 1, 3 (1st Cir. 1987); <u>Barnes v. Sullivan</u>, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. <u>Frustaglia v. Sec'y of HHS</u>, 829 F.2d 192, 195 (1st Cir. 1987); <u>Parker v. Bowen</u>, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999) (<u>per curiam</u>); <u>accord</u> <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. <u>Seavey v. Barnhart</u>, 276 F.3d 1, 11 (1st Cir. 2001) <u>citing</u>, <u>Mowery v. Heckler</u>, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. <u>Seavey</u>, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. <u>Id.</u>; <u>accord</u> <u>Brenem v. Harris</u>, 621

F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings

of fact.  Id.  The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone.  See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers).  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors.  Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency

(how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements).  Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency.  Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors.  Id. §§ 404.1520c(b)(2), 416.920c(b)(2).  Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors.  Id. §§ 404.1520c(b)(3), 416.920c(b)(3).  In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis."  Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel,

and social welfare agency personnel.  Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d).  And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists.  Id. §§ 404.1502(a), 416.902(a).  Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments.  Id.  Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner.  Id. §§ 404.1520b(c), 416.920b(c).

### B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the

right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant

bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the

claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3).  In determining whether the medical signs and

laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).  However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms."  SSR 16-3p, 2017 WL 4790249, at *49465.

## 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings.  SSR 16-3p, 2017 WL 4790249, at *49465.

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ found Plaintiff had the severe impairments of attention deficit hyperactivity disorder (ADHD), anxiety disorder, and depression.  (Tr. 22).  These impairments did not meet or medically equal a listed impairment, so the ALJ found Plaintiff had the RFC to perform the full range of work at all exertional levels but with the following limitations:

> the claimant can maintain attention and concentration to understand, remember, and carry out simple tasks/instructions. He can maintain occasional interaction with coworkers, supervisors, and the general public.  The claimant is limited to working primarily with things/object[s] rather than people. He can tolerate simple routine changes in a work setting.

(Tr. 26).  The ALJ found Plaintiff had no past relevant work (Tr. 33) but that an individual with Plaintiff's RFC and vocational profile could perform the representative occupations of hand packager, machine packager, and warehouse worker, which, pursuant to the VE's testimony, collectively comprise some 168,000 jobs in the national economy.  (Tr. 33-34).  Accordingly, the ALJ found Plaintiff not disabled.  (Tr. 34).

### B.    Plaintiff Has Shown No Legal Error in the ALJ's Decision

Plaintiff presents three arguments for reversal and remand which are crystalized in his Reply Brief.  (ECF No. 13).  None of these arguments are well supported or persuasive.

First, Plaintiff argues that the ALJ's findings regarding Dr. Parson's opinion "are simply not supported by the evidence."  Id. at p. 1.  The ALJ discusses the opinion of Dr. Parsons at length in his Decision.  (Tr. 32).  Dr. Parsons, a psychologist, evaluated Plaintiff on February 10, 2022 at the request of Plaintiff's counsel.  (Exh. 16F).  Dr. Parsons found that Plaintiff was markedly impaired mentally from a functional standpoint.  (Tr. 537).  Plaintiff's treating psychiatrist, Dr. Greer, issued a similar opinion on February 8, 2022, although he found Plaintiff slightly less limited than Dr. Parsons regarding his ability to understand, remember, and apply information.  (Exh. 15F).  The ALJ found both of these opinions to be "unpersuasive" and fully explained his reasoning in the Decision.  (Tr. 32-33).

It is undisputed that the ALJ based his RFC finding primarily on the opinion of Dr. Haggarty, a state agency reviewing psychologist.  (Exh. 8A).  Dr. Haggarty found that the record supported moderate, rather than marked, limitations in functioning, and the ALJ found his opinions to be persuasive.  (Tr. 31).  The ALJ also found the mostly consistent opinion of Dr. Hahn, also a state agency reviewing psychologist, to be partially persuasive and supportive of his RFC finding.  Id.  The ALJ discounted Dr. Hahn's opinions only as to the finding of mild,

rather than moderate, limitations on the abilities to understand, remember, and apply information, and to adapt or manage oneself. (Tr. 76).

Plaintiff has shown no error in the ALJ's evaluation of this competing medical opinion evidence. Although it is true that Dr. Parsons and Dr. Greer offer consistent opinions, that does not bind the ALJ to adopt their findings. The ALJ was required to evaluate these opinions pursuant to 20 C.F.R. § 416.920c with the most important factors being supportability and consistency. Ultimately, the ALJ concluded (and supportably so) that Dr. Parsons' and Dr. Greer's respective opinions were inconsistent with the overall record (including Dr. Greer's own treatment notes) and not adequately supported. (Tr. 32-33). Plaintiff concedes that he "did show some improvement in 2021 and 2022" and that "certain acute symptoms may have subsided." (ECF No. 9 at p. 9). As accurately pointed out by the ALJ, the records clearly support that there was an improvement in Plaintiff's condition in 2021 and thereafter which is particularly relevant here because the disability period in issue commenced as of February 9, 2021. (Tr. 22, 31; ECF No. 9 at pp. 8-9). The record also reflects that Dr. Haggarty noted improvement in Plaintiff's condition during the relevant period in rendering his opinion of only moderate mental limitations. (Tr. 89-90). Plaintiff's argument impermissibly invites the Court to reweigh the record evidence in his favor. In the end, Plaintiff has simply shown no error in the ALJ's evaluation of the medical opinion evidence or RFC findings. Thus, the ALJ's conclusions must be affirmed.

Plaintiff's second argument fares no better. He challenges the ALJ's Step 5 finding by arguing that the VE failed to adequately explain the basis for the number of jobs cited. (ECF No. 9 at p. 10). The Commissioner counters with a well-supported and persuasive waiver argument based on the failure of Plaintiff's counsel to raise the issue administratively and

question the VE about the bases for her opinion.  (ECF No. 11 at pp. 9-12).  Plaintiff seeks to sidestep this waiver argument in his Reply Brief by arguing simply that the VE's opinion testimony was insufficient to meet the Commissioner's Step 5 burden.  However, the record is more than sufficient to support the ALJ's Step 5 finding.  The VE unequivocally opined that a person with Plaintiff's RFC could perform three jobs identified by DOT code and SVP level.  (Tr. 61).  The VE provided job numbers available for each position and identified the source of those numbers.  (Tr. 62).  Finally, the VE made clear that the job numbers represented full-time positions.  Id.  Plaintiff's counsel elected not to follow-up on any of those topics with the VE and offers nothing beyond speculation at this point in challenging the VE's opinion.  Plaintiff's argument was waived and, in any event, the VE's clear opinion testimony is plainly sufficient to support the ALJ's Step 5 finding.

Plaintiff's third and final argument is that the ALJ abused his discretion by not ordering an IQ test.  Plaintiff has shown no abuse of discretion on this record.  First, Plaintiff's counsel did not request such testing of the ALJ and did not obtain such testing from his own consulting psychologist, Dr. Parsons.  Second, Plaintiff does not challenge the ALJ's Step 2 determination that Dr. Parson's "provisional" diagnosis of borderline intellectual functioning was not supported by the record and was never diagnosed by Plaintiff's long-time treating psychiatrist, Dr. Greer, or noted by the state agency reviewing psychologists.  (Tr. 23).  The ALJ accurately notes the lack of record support for this diagnosis and, thus, there is simply no basis upon which to conclude that the ALJ was obliged here to order IQ testing, particularly when it was not requested by Plaintiff's counsel or performed or recommended by Plaintiff's retained consulting psychologist.

-15-

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse or Remand (ECF No. 9) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 11) be GRANTED.  I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond_____
LINCOLN D. ALMOND
United States Magistrate Judge
September 26, 2023