UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ISAIAH M., | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) C.A. No. 1:23-CV-00150-MSM-LDA </br> ) |
| MARTIN O'MALLEY, Commissioner, </br> Social Security Administration, | ) </br> ) </br> ) |
| Defendant. | ) </br> ) </br> ) |

ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the plaintiff, Isaiah M.'s, Motion to Reverse (ECF No. 9) and the defendant, Martin O'Malley, Commissioner, Social Security Administration's, Motion to Affirm (ECF No. 11) the denial by an Administrative Law Judge ("ALJ") of Social Security Insurance benefits under 42 U.S.C. § 405(g) of the Social Security Act. The plaintiff has objected to the Report and Recommendation ("R&R") of Magistrate Judge Lincoln D. Almond (ECF No. 16) which recommends that the Court deny the plaintiff's Motion to Reverse and grant the defendant's Motion to Affirm.

The plaintiff alleged disability because of attention deficit hyperactivity disorder, anxiety disorder, and depression. The plaintiff received Supplemental Security Insurance benefits as a child and was subject to required redetermination when he turned eighteen. After that review he was found not to be disabled and

1

requested an administrative hearing. The ALJ issued an unfavorable decision on March 15, 2022, and the Appeals Council denied the plaintiff's request for review on December 20, 2022. The plaintiff timely appealed to this Court.

Pursuant to the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…." 42 U.S.C. § 405(g). Finally, "[q]uestions of law are reviewed de novo…." *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

The plaintiff argues that the ALJ erred in discounting the opinion of John P. Parsons, Ph.D., a consulting psychologist. Upon review, the Court agrees with Magistrate Judge Almond that "the ALJ concluded (and supportably so) that Dr. Parsons' and Greer's respective opinions were inconsistent with the overall record (including Dr. Greer's own treatment notes) and not adequately supported." (ECF No. 16 at 14.)

Secondly, the plaintiff takes issue with the ALJ's finding at Step 5 in the evaluation of a claim for disability. *See* 20 C.F.R. § 404.1520(f). But here, as Magistrate Judge Almond concluded, the vocational expert's opinion testimony was sufficient to support the ALJ's finding that there were jobs that existed in significant numbers in the national economy that an individual with the plaintiff's profile and residual functional capacity could perform.

Finally, the plaintiff argues that the ALJ abused his discretion by not ordering intellectual testing. But the record reveals that Magistrate Judge Almond correctly concluded that there was "simply no basis to conclude that the ALJ was obliged to order IQ testing" when the evidence from the relevant period consistently showed the plaintiff's intellectual functioning appeared average and his thought content and process reflected no abnormalities.

This Court's review of the case is independent and, after having carefully reviewed the relevant papers, this Court reaches the same conclusion as Magistrate Judge Almond. The Court therefore ACCEPTS the R&R (ECF No. 16), adopting both the recommendation and reasoning set forth therein. Accordingly, the Motion to Reverse (ECF No. 9) is DENIED and the Motion to Affirm (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
May 3, 2024